UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

George "Geo" LEE,

    Plaintiff,

v.

EUSA PHARMA US LLC
and RECORDATI RARE
DISEASES,

    Defendant.
_____/

Case No. 22-cv-11145
Honorable Victoria A. Roberts

### ORDER (1) GRANTING RECORDATI'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM [ECF NO. 21] AND (2) DENYING PLAINTIFF'S MOTION TO AMEND [ECF No. 26].

### I. Introduction

George Lee filed an amended complaint against defendants Recordati Rare Diseases Inc. ("Recordati") and EUSA Pharma US LLC ("EUSA"). Lee alleges employment discrimination and retaliation in violation of Michigan's Elliott Larsen Civil Rights Act ("ELCRA") and 42 U.S.C. §1981. He claims Recordati and EUSA were his joint employers. Discovery has not begun.

1

Recordati moves to dismiss Lee's complaint against it under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Recordati says Lee was never its employee.

Lee separately moves for leave to file a second amended complaint. He seeks to include information indicating that he may bring discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964 if granted a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). Defendants oppose the motion as time barred, futile, and prejudicial.

Because Lee does not plausibly allege that Recordati and EUSA were his joint employers, the Court **GRANTS** Recordati's motion to dismiss. And, because Lee's request to file a second amended complaint is premature, the Court **DENIES** the motion.

## II.  Background and Procedural History

Lee is a Key Account manager at EUSA. He says the defendants engaged in discriminatory and retaliatory conduct beginning in 2021 with his director, Carter Clanton. According to Lee, he and Clanton did not have a good relationship. Lee says Clanton frequently belittled him and threatened his job in front of co-workers.

On November 19, 2021, at the request of Clanton, Lee's manager put him on a performance improvement plan ("PIP"). The PIP outlined steps to improve Lee's performance, granted him a midpoint review, and stated an end date of February 17, 2022. Lee opposed the PIP. He says his performance was satisfactory and did not warrant an improvement plan. He suggests Clanton only placed him on the PIP because of his race. (During this time, in December 2021, Recordati purchased EUSA.)

While on the plan, Lee performed well and exceeded his sales goals. Despite his performance, Lee says he was denied a formal evaluation, kept on the PIP, and refused a bonus. On February 22, 2022, Lee filed a formal complaint with EUSA, alleging that he was being targeted because of his race.

EUSA investigated the complaint. Eric Hurel, head of EUSA's US Human Resources, told Lee that an outside investigator would handle the complaint and that he would report directly to Clanton during the investigation. Lee considered this retaliatory since Clanton placed him on the PIP, harassed him, and threatened his employment.

Following an April 2022 discussion with two attorneys representing EUSA in the investigation, Lee learned he would stay on the PIP

indefinitely. Clanton told him he would not receive a bonus while on the PIP. Shortly after, on May 20, 2022, Clanton and Hurel fired Lee.

On March 5, 2022, Lee filed a complaint against EUSA and Recordati, alleging employment discrimination and retaliation. Recordati moved to dismiss the claims; it argued that Lee failed to properly allege that it and EUSA were joint employers. The Court allowed Lee to amend his complaint and did not rule on the merits of Recordati's motion. On October 28, 2022, Lee filed an amended complaint and Recordati renewed its motion to dismiss on the same grounds.

While the motion to dismiss was pending, Lee moved for leave to file a second amended complaint. He does not seek to address issues raised by Recordati in its motion to dismiss. Lee requests permission to add a single paragraph indicating that he will bring Title VII claims if he receives a right-to-sue letter from the EEOC. The defendants oppose the motion. They say Lee's request to amend would be futile, time-barred, without excuse, and would prejudice them.

Both motions are fully briefed and before the Court.

### III. Law and Analysis

#### A. Recordati's Motion To Dismiss

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996).

The complaint need not be detailed to survive a 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555 (2007). However, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662(2009) (quoting *Twombly*, 550 U.S. 544 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556).

In making its determination, the court must construe the complaint in the light most favorable to the plaintiff, accepting its allegations as true and drawing all reasonable inferences in favor of the plaintiff. *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### i. Lee's Amended Complaint Fails To Plausibly Allege That Recordati And EUSA Acted As Joint Employers.

Lee says the amended complaint contains sufficient facts that support his joint employer claim. Lee says that Recordati merely disagrees with the

allegation, and mere disagreement cannot support dismissal under Rule 12(b)(6).

### 1) *Sanford Factors*

To sustain this action against Recordati, Lee must plead facts sufficient to show that Recordati and EUSA were joint employers. In this circuit, businesses are joint employers and thus liable under federal and state anti-discrimination laws if the two "share or co-determine those matters governing essential terms and conditions of employment." *Sanford v. Main St. Baptist Church Manor, Inc.*, 449 F. App'x 488 (6th Cir. 2011).

Courts consider several factors in making this determination. These factors differ depending on the type of claim asserted. In the context of civil rights claims, courts primarily consider the alleged joint employer's "ability to hire, fire, and discipline, affect compensation and benefits, and direct and supervise performance." *Id*. at 492.

In the amended complaint, based on his information and belief, Lee alleges that the defendants are joint employers because they: (1) could control his duties and pay; (2) could participate in the decision to discipline or terminate him; (3) had common goals and objectives, and; (4) made a joint decision to terminate him.

These allegations mirror the factors set out in *Sanford*. But a close review of the complaint reveals the allegations are insufficient.

Claims grounded on information and belief may survive a motion to dismiss, but "must set forth a factual basis for such belief." *Smith v. Gen. Motors LLC*, 988 F.3d 873, 885 (6th Cir. 2021). In *Smith*, the Sixth Circuit held that a plaintiff must do more than plead the essential elements of his claim "on information and belief" to survive a motion to dismiss. He must also allege facts supporting that belief. Lee fails to do so.

Lee says EUSA and Recordati could control his pay, but he fails to present any facts that show how or if Recordati controlled his compensation. Lee also says the defendants have common goals and objectives, but he fails to even allege what they are.

Lee alleges that the defendants could terminate him. And Becky Zenz— Recordati's Vice President of Human Resources—participated in his termination. However, this allegation, too, lacks factual matter supporting the belief. Indeed, it is unclear from the complaint why Lee believes Zenz participated in his termination or to what extent. She is not mentioned anywhere else in the complaint. There are no facts relating to her role in his termination. Lee makes numerous factual allegations against

7

Hurel and Clanton from EUSA; Zenz and Recordati are notably absent from that discussion.

Without factual allegations, the Court cannot infer that Zenz, a high-level Human Resource officer at Recordati, participated in Lee's termination at EUSA significantly enough to establish joint employer status with EUSA.

The same applies to all of Lee's allegations proffered in support of a joint employer finding. Accepting every factual allegation as true and making all reasonable inferences in favor of Lee, the Court cannot conclude or infer that Recordati was Lee's joint employer.

### 2) Other Allegations

Lee attempts to bolster his complaint by alleging that the defendants had significant interrelated operations, centralized control of labor relations, and common ownership, management, and employees. Again, however, Lee fails to allege facts that support most of this conclusion.

Lee seems to rely on his allegation that Recordati purchased EUSA for support. But even accepted as true, Recordati's ownership of EUSA alone is insufficient to expose Recordati to liability. *See United States v. Bestfoods*, 524 U.S. 51 (1998) (a parent corporation is not *per se* liable for the acts of its subsidiaries).

Lee simply does not include enough facts to sustain this action against Recordati.

### B. Lee's Motion For Leave To File A Second Amended Complaint

Lee moves to amend his complaint to include language indicating that he filed a charge of discrimination and retaliation with the EEOC and will bring claims against Recordati and EUSA under Title VII if he receives a right-to-sue letter. The Court denies this request.

Aside from putting defendants on notice, Lee's proposed amendment has little practical value. The amendment is meaningless if he does not receive a right-to-sue letter. If Lee gets the right-to-sue letter, he will need to amend the complaint again, making this proposed amendment futile.

The Court deems it more appropriate to consider the merits of Lee's motion for leave to amend if he receives the right-to-sue letter and seeks to add Title VII claims. Defendants are on notice that Lee intends to bring these claims.

The Court **DENIES** the motion without prejudice.

### IV. Conclusion

Recordati's motion to dismiss [ECF No. 21] is **GRANTED WITHOUT PREJUDICE**. Discovery might reveal a joint employer relationship. Lee's

9

motion for leave to file a second amended complaint [ECF No. 26] is **DENIED WITHOUT PREJUDICE.**

    **IT IS ORDERED.**

                                                s/ Victoria A. Roberts
                                                Victoria A. Roberts
                                                United States District Judge

Dated: May 2, 2023