UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE "GEO" LEE,

     Plaintiff,                    Case No: 4:22-CV-11145

v.                              Hon. Victoria A. Roberts

EUSA PHARMA US LLC,

     Defendant.

---

| | |
|---|---|
| Nicholas Roumel (P37056) | JACKSON LEWIS P.C. |
| Amanda M. Ghannam (P83065) | Emily M. Petroski (P63336) |
| NACHT & ROUMEL, P.C. | Benjamin D. Wu (P85635) |
| Attorneys for Plaintiff | Attorneys for EUSA Pharma US LLC |
| 101 N. Main St., Ste. 555 | 2000 Town Center, Suite 1650 |
| Ann Arbor, MI 48104 | Southfield, MI  48075 |
| (734) 663-7550 | (248) 936-1900 |
| nroumel@nachtlaw.com | emily.petroski@jacksonlewis.com |
| aghannam@nachtlaw.com | Benjamin.wu@jacksonlewis.com |

---

## DEFENDANT EUSA'S ANSWERS AND OBJECTIONS TO PLAINTIFF'S FIRST INTERROGATORIES

Defendant EUSA Pharma US LLC ("Defendant" or "EUSA") hereby submits the following Answers and Objections to Plaintiff's First Interrogatories. Defendant's legal counsel is prepared to meet with Plaintiff's attorney to discuss and, if possible, resolve any disputes that may arise concerning the meaning, scope, and relevance of these discovery requests or the adequacy of these responses.

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

A.     Defendant's answers and responses to these discovery requests have been prepared in accordance with the Federal Rules of Civil Procedure and pursuant to a reasonably diligent search for the information requested.  Accordingly, Defendant does not, and could not possibly, represent that these responses would reflect or include "all" potentially responsive information.  Rather, the scope of the investigation conducted to locate responsive information was limited to making inquiries to those areas in which information related to such matters would ordinarily be expected to be found.

B.     Defendant reserves the right to supplement these responses pursuant to the Federal Rules of Civil Procedure.

C.     By submitting these responses, Defendant does not, in any way, adopt Plaintiff's purported definitions of words and phrases contained in the discovery requests.  Defendant objects to those definitions to the extent that they are inconsistent with the (a) ordinary and customary meaning of such words and phrases, (b) the rules governing the permissible scope of discovery, or (c) the definitions set forth by Defendant in its responses.

D.     Defendant does not concede that any of the information it will produce is or will be admissible evidence at trial or any evidentiary hearing.  Further, Defendant does not waive any objection, whether or not asserted herein, to the use of any such information at trial or any evidentiary hearing.

E.     Defendant objects to these discovery requests to the extent they purport to require it to respond on behalf of other persons, or to provide information that is not in its possession, custody or control.  Specifically, Defendant can only be expected to respond to these discovery requests on its behalf and not on behalf of any subsidiaries, affiliates, or any other corporation or individual.

F.     Any documents made available for inspection and copying in connection with this discovery set will be produced at a mutually agreeable time and place or, if no such agreement can be reached, at the offices of Jackson Lewis P.C. in Southfield, Michigan.  Unless otherwise agreed, Defendant objects to providing copies of any such documents without prior arrangements being made to reimburse Defendant for any copying expenses that may be incurred, and without entry of a suitable protective order for any sensitive, confidential and proprietary documents.

G.     While Defendant has not conducted an investigation and analysis of the

2

full amount of the electronic correspondence that may be responsive to some of the broad categories of information requested, it presently has a good faith belief that the number of electronic documents that may need to be reviewed to provide a response to certain, broad requests (that are not even limited to any specific custodians), in this discovery set is such that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in this litigation and the importance of the proposed discovery in resolving the issues. Defendant has, however, produced electronic documents in good faith that it reasonably believes may be relevant to the instant lawsuit. Defendant further stands ready to continue to cooperate with Plaintiff to narrow the scope of any request for electronic discovery, as may be appropriate to meet the requirements of the Federal Rules of Civil Procedure.

H.     Defendant objects to these discovery requests to the extent they exceed the limitations established by Fed. R. Civ. P. 26(b); and, therefore, the responses to same are provided subject to and without waiving these objections.

## INTERROGATORIES

1.     Identify all persons, corporations, and/or other entities having knowledge of any of the facts: (a) alleged in the pleadings; and/or (b) which are relevant to the subject matter and/or any issues relating to this litigation, and set forth the full substance of each person's or entity's knowledge.

**ANSWER: EUSA objects to this interrogatory on the grounds that it seeks information protected from disclosure by the attorney-client privilege or attorney work-product doctrine. Limiting its responses to provide information not protected from disclosure by the aforementioned privileges, EUSA directs Plaintiff to EUSA's Rule 26(a)(1) Initial Disclosures, as well as to the names and information provided in these responses, or otherwise referenced in documents produced herewith, or otherwise in discovery.**

2.     Identify, pursuant to Paragraph 6 of the Definitions and Instructions, Defendant, EUSA Pharma US LLC.

**ANSWER:** EUSA objects to this interrogatory to the extent that it requires EUSA to agree with Plaintiff's definitions; on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this interrogatory is overbroad, unduly burdensome, and seeks information regarding EUSA that is irrelevant and disproportionate to this action, including the names under which it does business; the state or country of incorporation; the date of incorporation; the date authorized to do business in Michigan; whether it is now in good standing; if not in good standing, how and when dissolved or forfeited; its principal office; the nature of the business in which it is engaged; the name and address of its directors and officers at all times relevant to this case and presently; and its relationship, if any, to former parties to this case. This information is overbroad, unduly burdensome, and not relevant or proportional to the case in that EUSA's corporate status and identities of its directors and officers has no bearing on Plaintiff's allegations of race discrimination or retaliation. EUSA further objects to this interrogatory to the extent that it requests addresses, as invading the privacy rights of individuals who are not parties to this action.

Limiting its response to EUSA's complete name, the location of its headquarters, state in which it is incorporated and information related to the share purchase agreement referenced in EUSA's Answer to Plaintiff's Amended Complaint, EUSA states as follows: EUSA Pharma US LLC is a Delaware corporation with its headquarters in Burlington, Massachusetts. Responding further, in December of 2021, Recordati S.p.A (Italy) announced the signing of a share purchase agreement to acquire EUSA Pharma (UK) Ltd., and that the acquisition was closed by March 16, 2022. EUSA further admits that its parent company is EUSA Pharma (UK) Ltd. Answering further, EUSA directs Plaintiff to its Statement of Disclosure of Corporate Affiliations and Financial Interest, filed on August 9, 2022 (ECF No. 7).

3.    Identify, pursuant to Paragraph 6 of the Definitions and Instructions,

Defendant Recordati Rare Diseases Inc.

**ANSWER:** EUSA objects to this interrogatory to the extent that it requires EUSA to agree with Plaintiff's definitions; on the grounds that it seeks information not within EUSA's possession, custody, or control; and on the grounds that it is overbroad, unduly burdensome, and seeks information that

is neither relevant to the subject matter nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this interrogatory is overbroad, unduly burdensome, and seeks information regarding Recordati Rare Diseases Inc. that is irrelevant and disproportionate to this action, including the names under which it does business; the state or country of incorporation; the date of incorporation; the date authorized to do business in Michigan; whether it is now in good standing; if not in good standing, how and when dissolved or forfeited; its principal office; the nature of the business in which it is engaged; the name and address of its directors and officers at all times relevant to this case and presently; and its relationship, if any, to the parties to this case. This information is overbroad, unduly burdensome, and not relevant or proportional to the case in that Recordati Rare Diseases Inc.'s corporate status and identities of its directors and officers has no bearing on Plaintiff's allegations of race discrimination or retaliation, and as Recordati filed a Motion to Dismiss all claims against it which has been granted by the Court. EUSA further objects to this interrogatory to the extent that it requests addresses, as invading the privacy rights of individuals who are not parties to this action, or otherwise seeks information from it that is not within its possession, custody or control, and which pertains to a dismissed party. Limiting its response to the information contained in the pleadings on file with this Court, EUSA refers to the information contained within its Answer to Plaintiff's Amended Complaint, as well as within Recordati's Statement of Disclosure of Corporate Affiliations and Financial Interest, filed on August 9, 2022 (ECF No. 8).

4.      Please fully describe the business relationship between EUSA and Recordati at all times during Plaintiff's employment.

**ANSWER:** **EUSA avers that in December of 2021, Recordati S.p.A. (Italy) announced the signing of a share purchase agreement to acquire EUSA Pharma (UK) Ltd., and that the acquisition was closed by March 16, 2022. EUSA further avers that its parent company is EUSA Pharma (UK) Ltd., and that EUSA Pharma (UK) Ltd. is a wholly owned subsidiary of Recordati S.p.A., which is a public international pharmaceutical company listed on the Italian Stock Exchange.**

5.     Please identify (pursuant to Paragraph 6 of the Definitions and Instructions), the entity or entities that you maintain employed Plaintiff, and the effective dates Plaintiff was employed by each entity.

**ANSWER: EUSA objects to this interrogatory to the extent that it requires EUSA to agree with Plaintiff's definitions; on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1). Specifically, this interrogatory is overbroad, unduly burdensome, and seeks information regarding EUSA that is irrelevant and disproportionate to this action, including the names under which it does business; the state or country of incorporation; the date of incorporation; the date authorized to do business in Michigan; whether it is now in good standing; if not in good standing, how and when dissolved or forfeited; its principal office; the nature of the business in which it is engaged; the name and address of its directors and officers at all times relevant to this case and presently; and its relationship, if any, to the parties to this case. This information is overbroad, unduly burdensome, and not relevant or proportional to the case in that EUSA's corporate status and identities of its directors and officers has no bearing on Plaintiff's allegations of race discrimination or retaliation. EUSA further objects to this interrogatory to the extent that it requests addresses, as invading the privacy rights of individuals who are not parties to this action. Limiting its response to the entity that EUSA maintains employed Plaintiff, EUSA states that at all times relevant to Plaintiff's Complaint, Plaintiff was employed by EUSA Pharma US LLC only. EUSA denies any allegation that Plaintiff was at any time employed by or jointly employed by Recordati or any other entity.**

6.     For the following persons, please state: (a) whether currently employed by the Company; (b) if so, title or position; (c) if applicable, (i) effective dates employed by EUSA and title or position, and (ii) effective dates employed by Recordati and title or position; (d) if not employed, identify the date and reasons why no longer employed; (e) last known residential address, personal email, and

personal phone number; (f) whether that person was ever counseled, disciplined, or reprimanded during his employment and describe the circumstances involving each identified counseling, discipline, or reprimand.

Carter Clanton, DeWayne Wilcher, Eric Hurel, Arn Lindekugel, Becky Zenz.

**ANSWER:** **EUSA objects to this interrogatory, including all of its subparts, to the extent it seeks information protected from disclosure by the attorney-client privilege or work product doctrine, seeks information regarding its legal counsel, requests residential addresses, personal emails, and personal phone numbers, as invading the privacy rights of individuals who are not parties to this action; and to the extent that it requests information regarding Becky Zenz, who is not employed by EUSA, as seeking information not within EUSA's knowledge or possession. Subject to the foregoing limitations, EUSA avers:**

- **Carter Clanton, was employed at all times relevant to Plaintiff's claims by EUSA as US Head of Marketing.**
- **DeWayne Wilcher, first employed by EUSA as a Key Account Manager effective February 3, 2020; promoted to Regional Business Director effective February 1, 2021, the position in which he remained at all times relevant to Plaintiff's claims.**
- **Eric Hurel, employed at all times relevant to Plaintiff's claims by EUSA Pharma UK, Ltd as its Head of HR US, Europe & Emerging Markets.**
- **Arn Lindekugel, employed at all times relevant to Plaintiff's claims by EUSA as its Head of Legal & Compliance, Americas.**

7.      Set forth in detail a summary of all salary, compensation, or other benefits to which Plaintiff was entitled or which accrued during Plaintiff's employment with the Company, including, but not limited to, bonuses, medical benefits, pension plan benefits, profit sharing benefits, dental plan benefits, life insurance, and disability insurance. If any such benefit was not paid, set forth the reasons why.

**ANSWER: EUSA avers that Plaintiff's base salary was $163,500.00 annually, with the possibility of a quarterly bonus targeted at $12,500.00 based on Plaintiff's performance against the Field Incentive Plan. Plaintiff also was offered a $2,500 signing bonus, subject to Plaintiff's continued employment within thirty (30) days following the date his service with EUSA commenced. Plaintiff was further eligible for a maximum of 18 days of vacation per calendar year, $1,000.00 per month of car allowance, and a company credit card. Plaintiff was also eligible for benefits including medical insurance, dental insurance, vision insurance, flexible spending accounts, 401k savings plan, life insurance accidental death & dismemberment insurance, business travel insurance, and long-term disability insurance. Responding further, EUSA refers to the documents in Plaintiff's personnel file, previously produced to Plaintiff and produced herewith.**

8.      State whether the Company has ever* (*see definition #19) received an internal complaint of employment discrimination or retaliation. If your answer is in the affirmative, please state:

(a)     The name, title, sex, sexual orientation, age, race, religion and national origin of each person who made such a complaint;

(b)     The date of each complaint;

(c)     A description of each complaint and the discrimination that was involved;

(d)     A description of the investigation and procedures utilized;

(e)     Identify who conducted the investigation, and whether they were employed by the Company or another entity;

(f)     The current employment status of the person who made the complaint.

**ANSWER:** **EUSA objects to this interrogatory, including all of its subparts, on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of the case, as required by Federal Rule of Civil Procedure 26(b)(1), and on the grounds that it is not reasonably limited in time and scope because it seeks information from January 1, 2013 to the present. Plaintiff alleges that he was hired by EUSA on or around April 7, 2021. Plaintiff's Complaints allege race discrimination and retaliation arising out of his employment by EUSA, but does not include any sex, sexual orientation, age, religion, and national origin discrimination claims. Accordingly, this interrogatory is overbroad and seeks information that is irrelevant and disproportionate to this action under Fed. R. Civ. P. 26(b)(1).**

**Subject to and without waiving the objections, and limiting EUSA's response to lawsuits and charges alleging retaliation for complaining of race discrimination or race discrimination in the last three years, EUSA states that only Plaintiff and Kevin Davis have filed lawsuits, and that only Plaintiff has filed a Charge of Discrimination with the EEOC, which EUSA maintains was not timely filed.**

9.    Concerning the "formal letter of grievance" sent by Plaintiff to Eric Hurel, please state:

(a)    when it was transmitted to Mr. Hurel;

(b)    how it was transmitted;

(c)    identify all actions taken by Mr. Hurel after receipt;

(d)    identify all communications and documents relating in any way to Plaintiff's grievance;

(e)    identify the procedures utilized to investigate Plaintiff's grievance;

(f)    identify the outcome of Plaintiff's grievance;

(g)     state the date and manner that the outcome was transmitted to the

Company;

(h)     identify whether the outcome was ever transmitted to Plaintiff, and if

not, why not.

**ANSWER: EUSA objects to this interrogatory, including all of its subparts, to the extent it mischaracterizes the "Statement of Grievance" submitted by Plaintiff, seeks information relating to the investigation of Plaintiff's "Statement of Grievance" on the grounds that it seeks information protected from disclosure by the attorney-client privilege and/or attorney work product doctrine. Plaintiff concedes in his Complaints that EUSA hired outside counsel, and documents or information relating to outside counsel's investigation are subject to the attorney-client privilege and/or work product doctrine.**

**Subject to and without waiving the objection, EUSA directs Plaintiff to the email sent by Plaintiff on February 24, 2022, produced herewith. EUSA further avers that after Plaintiff sent the February 24, 2022 email to Eric Hurel, Carter Clanton and DeWayne Wilcher, EUSA retained outside investigators, who interviewed Plaintiff.**

10.     For all of the Company's KAM's employed by the company since

January 1, 2013, **including Plaintiff**;

(a)     identify their name, race, color, gender, or national origin;

(b)     state their contact information, region or sales territory, and manager

and director;

(c)     identify their duties, including product(s) sold;

(d)     set forth their detailed sales records, rankings, and/or results for each

period or quarter in which sales are measured;

(e)     identify if any were placed on PIPs, and if so, the outcome of the PIP;

(f)     identify any who were involuntarily terminated, and if so, the reason for the termination and the identity of the person(s) involved in the decision to terminate.

**ANSWER: EUSA objects to this interrogatory, including all of its subparts, on the grounds that it is vague, ambiguous, and/or does not reasonably identify the information sought; on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor proportional to the needs of this case, as required by Federal Rules of Civil Procedure 26(b)(1); and on the grounds that it is not reasonably limited in time and scope. Specifically, this request is overbroad, unduly burdensome, and seeks information that is irrelevant and disproportionate to this action in that Plaintiff seeks information relating to "name, race, color, gender, or national origin." Plaintiff's Complaints allege only race discrimination and retaliation.**

**Subject to and without waiving its objections, and limiting EUSA's response to Key Account Managers employed by EUSA from May of 2019 to May of 2022 who were placed on PIPs other than Plaintiff and Davis, EUSA states as follows: Christine Sweitzer; Caucasian; date of hire January 4, 2021, date of termination January 31, 2022. Responding further, EUSA refers to the documents related to Sweitzer produced herewith.**

11.     If not fully answered above, set forth each and every reason why Plaintiff was terminated and identify the person(s) involved in the decision, and the role played by each.

**ANSWER: EUSA objects to this interrogatory to the extent it exceeds the bounds of permissible discovery and is otherwise overly broad, unduly burdensome and seeks information that is disproportionate to the needs of the case, or otherwise seeks to compel testimony in the form of an interrogatory. Limiting its response to state the general reasons for Plaintiff's termination, without providing "each and every reason" that may have impacted that decision, EUSA avers that Plaintiff was placed on a Performance Improvement**

11

**Plan on November 19, 2021 which referenced gaps in attainment of results, as well as behavioral gaps and the impact this has had on the business and/or team. Responding further EUSA avers that on May 20, 2022, it implemented the decision to terminate Plaintiff's employment, made prior to February 24, 2022, due to Plaintiff's failure to improve his performance to a level consistent with expectations for his role or meet the expectations and anticipated results set forth in the PIP.**

12.     Regarding a scheduled Microsoft Teams meeting between Plaintiff and

Carter Clanton scheduled for May 13, 2022:

(a)     Explain the reason that the connection between Clanton and Plaintiff

was not successful or did not occur;

(b)     Identify to what extent, if any, the inability of the parties to successfully

connect in that meeting played a role in Plaintiff's termination.

**ANSWER: EUSA objects to this interrogatory, including all of its subparts, on the grounds that EUSA lacks foundation, knowledge, or information to respond to this interrogatory, and to the extent the interrogatory seeks information not within the possession, custody, control or knowledge of EUSA. Subject to and without waiving the objection, EUSA avers that the inability of the parties to successfully connect in the Microsoft Teams meeting scheduled for May 13, 2022 had no impact on the decision to terminate Plaintiff's employment.**

<div style="margin-left: 50%;">

/s/ *Emily M. Petroski*
JACKSON LEWIS P.C.
Emily M. Petroski (P63336)
Benjamin D. Wu (P85635)
Attorneys for Defendant
2000 Town Center, Suite 1650
Southfield, MI 48075
(248) 936-1900
emily.petroski@jacksonlewis.com
benjamin.wu@jacksonlewis.com

</div>

Dated: May 15, 2023

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing instrument was served upon all parties in the above case at their respective addresses disclosed on the pleadings on May 15, 2023 by:

☐ Hand Delivery      √ E-Mail
☐ ECF                    ☐ FAX

/s/ Emily M. Petroski
EMILY M. PETROSKI

## <u>VERIFICATION</u>

I am duly authorized to verify the answers to the interrogatories set forth within Defendant EUSA's Answers and Objections to Plaintiff's First Interrogatories on behalf of EUSA Pharma US LLC ("EUSA"), in this proceeding. I have reviewed EUSA's answers. EUSA's answers are necessarily limited by the records and information still in existence, presently recollected, and thus far discovered. The facts stated in EUSA's answers have been assembled with assistance from EUSA's representatives, the answers provided consist of information compiled from a variety of sources and are true and correct to the best of my personal knowledge and belief.

I declare, under penalty of perjury, that the foregoing is true and correct.

Dated: May 15, 2023   By: _____

Digitally signed by Arn Lindekugel
Date: 2023.05.15 10:50:30 -05'00'

Arn Lindekugel
EUSA Pharma US LLC