UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE "GEO" LEE,

       Plaintiff,

                                  CASE NO. 4:22-cv-11145

v.

                                  HON. VICTORIA A. ROBERTS

EUSA PHARMA US LLC,

       Defendant.

---

Nicholas Roumel (P37056)
Amanda M. Ghannan (P83065)
NACHT & ROUMEL, P.C.
Attorneys for Plaintiff
101 N. Main St., Ste. 555
Ann Arbor MI 48104
734-663-7550
nroumel@nachtlaw.com
aghannan@nachtlaw.com

JACKSON LEWIS P.C.
Emily Petroski (P63336)
Benjamin D. Wu (P85635)
Attorneys for EUSA Pharma US LLC
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
emily.petroski@jacksonlewis.com
Benjamin.wu@jacksonlewis.com

---

## DEFENDANT'S MOTION TO COMPEL

Defendant EUSA Pharma US LLC ("EUSA" or "Defendant"), through its

counsel, Jackson Lewis P.C., and pursuant to Fed. R. Civ. P. 37(a) and Fed. R. Civ.

P. 26(b), requests that the Court issue an order compelling Plaintiff to produce

documents and information responsive to EUSA's discovery requests to Plaintiff.

Specifically, EUSA requests that the Court compel Plaintiff to produce documents and information responsive to Interrogatory No. 3 and Document Request No. 36, Document Request No. 17, Document Request No. 37, and Document Request No. 18. In addition, Defendant requests that should Plaintiff not provide a date on which he will appear for his deposition, that this Court order him to appear for deposition prior to December 22, 2023.

In support of its Motion, Defendant relies on the attached Brief in Support. The parties have attempted to avoid motion practice by actively meeting and conferring regarding the scope of discovery, but have been unable to resolve their disputes, necessitating this motion practice. Defendant's counsel sought concurrence in the requested relief from Plaintiff's attorney on numerous occasions, and most recently on November 7, 2023, and concurrence was not obtained.

<div style="margin-left:40%">

Respectfully submitted,
JACKSON LEWIS P.C.

By: /s/ Benjamin D. Wu
Emily Petroski (P63336)
Benjamin D. Wu (P85635)
2000 Town Center, Suite 1650
Southfield, Michigan 48075
P: (248) 936-1900
emily.petroski@jacksonlewis.com
benjamin.wu@jacksonlewis.com
Attorneys for EUSA Pharma US LLC

</div>

Dated: November 10, 2023

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE "GEO" LEE,

        Plaintiff,

                                    CASE NO. 4:22-cv-11145

v.

                                      HON. VICTORIA A. ROBERTS

EUSA PHARMA US LLC,

        Defendant.

---

| | |
|---|---|
| Nicholas Roumel (P37056) | JACKSON LEWIS P.C. |
| Amanda M. Ghannan (P83065) | Emily Petroski (P63336) |
| NACHT & ROUMEL, P.C. | Benjamin D. Wu (P85635) |
| 101 N. Main St., Ste. 555 | Attorneys for EUSA Pharma US LLC |
| Ann Arbor MI 48104 | 2000 Town Center, Suite 1650 |
| 734-663-7550 | Southfield, MI 48075 |
| nroumel@nachtlaw.com | (248) 936-1900 |
| aghannan@nachtlaw.com | emily.petroski@jacksonlewis.com |
| *Attorneys for Plaintiff* | Benjamin.wu@jacksonlewis.com |
| | *Attorneys for EUSA Pharma US LLC* |

---

**BRIEF IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... iii

STATEMENT OF ISSUES PRESENTED............................................................... v

I.    INTRODUCTION ........................................................................................1

II.    STATEMENT OF FACTS ...........................................................................2

      A.    Plaintiff is Placed on a PIP, Terminated, and Files His Complaint Alleging Race Discrimination and Retaliation ....................................2

      B.    EUSA's Discovery Requests to Plaintiff and Plaintiff's Responses ................................................................................................3

      C.    The Parties' Attempts to Resolve or Otherwise Limit Discovery Disputes ...........................................................................................5

III.    LEGAL ARGUMENT ..................................................................................7

      A.    Documents Relating to Plaintiff's Job Search Are Discoverable ........8

      B.    Communications Between Plaintiff and Kevin Davis Are Discoverable ......................................................................................10

      C.    Plaintiff's Tax Returns are Relevant to His Claim of Damages .........11

      D.    Plaintiff Placed Kevin Davis's Job Performance at Issue in this Matter ................................................................................................13

IV.    CONCLUSION............................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bricker v. R & A Pizza, Inc.*,
   No. 2:10-cv-278, 2011 U.S. Dist. LEXIS 55324 (S.D. Ohio May
   23, 2011) ........................................................................................................11

*De Marco v. C & L Masonry, Inc.*,
   891 F.2d 1236 (6th Cir. 1989) ........................................................................11

*German v. Micro Elecs., Inc.*,
   No. 2:12-cv-292, 2013 U.S. Dist. LEXIS 4594 (S.D. Ohio Jan. 11,
   2013) ..................................................................................................................8

*In re Grand Jury Investigation*,
   723 F.2d 447 (6th Cir. 1983) ..........................................................................10

*Kumar v. Hilton Hotels Corp.*,
   No. 08-2689 D/P, 2009 U.S. Dist. LEXIS 101254 (W.D. Tenn.
   Oct. 30, 2009) ..................................................................................................12

*Lawroski v. Nationwide Mut. Ins. Co.*,
   No. 2:11-cv-1074, 2012 U.S. Dist. LEXIS 178005 (S.D. Ohio Dec.
   17, 2012) ............................................................................................................9

*Lewis v. ACB Business Servs. Inc.*,
   135 F.3d 389(6th Cir. 1998) .............................................................................8

*McGarity v. Birmingham Pub. Sch.*,
   No. 19-cv-11316, 2020 U.S. Dist. LEXIS 268876 (E.D. Mich. Apr.
   13, 2020) ............................................................................................................8

*Mitchell v. Cty. Of Warren*,
   No. 09-CV-11480, 2012 U.S. Dist. LEXIS 56453 (E.D. Mich. Apr.
   23, 2012) ............................................................................................................9

*Nurse Notes, Inc. v. Allstate Ins. Co.*,
   No. 10-CV-14481, 2011 U.S. Dist. LEXIS 55222 (E.D. Mich. May
   24, 2011) ..........................................................................................................14

iii

*Siser N. Am., Inc. v. Herika G. Inc.*,
    325 F.R.D. 200 (E.D. Mich. 2018) ........................................................13

**Statutes**

42 USC § 1981 .........................................................................................2

Elliott-Larsen Civil Rights Act .................................................................2

**Rules**

Fed. R. Civ. P. 26(b)(1).............................................................................7

Fed. R. Civ. P. 34(a)(1).............................................................................13

Rules 33 and 34.......................................................................................13

## STATEMENT OF ISSUES PRESENTED

I.    **Where Plaintiff alleges that EUSA's actions have caused him harm by negatively affecting his ability to secure new employment, should Plaintiff be compelled to produce documents relating to Plaintiff's job search following his termination of employment from EUSA?**

    EUSA states:   Yes

II.    **Where Plaintiff's Complaint alleges that Kevin Davis, another EUSA employee, was treated similarly to Plaintiff and that Davis and Plaintiff were targeted because of their race, and where Plaintiff has expressly admitted that communications between Plaintiff and Davis exist, should Plaintiff be compelled to produce such communications?**

    EUSA states:   Yes

III.    **Where Plaintiff seeks economic damages relating to his termination of employment, and where Plaintiff's answers to discovery requests refer EUSA to his tax returns and state that Plaintiff will supplement his document production to produce such tax returns, should Plaintiff be compelled to produce his tax returns from 2017 through the date of trial of this action?**

    EUSA states:   Yes

IV.    **Where Plaintiff's Complaint specifically places Kevin Davis's performance at issue in the case by alleging that his performance was above sales goals, should Plaintiff be compelled to produce any documents relevant to these allegations, including documents related to Davis's job performance, which are in Plaintiff's possession, custody or control?**

    EUSA states:   Yes

V.    **Should Plaintiff be compelled to appear for his deposition on a date prior to the close of discovery?**

    EUSA states:   Yes

# I.    INTRODUCTION

Plaintiff alleges that he, along with another African American employee (Kevin Davis), was placed on a performance improvement plan ("PIP") and ultimately terminated from employment due to race, and in retaliation for submitting a written "grievance" to EUSA. The parties have exchanged written discovery, responded to same, produced documents, and have worked cooperatively to attempt to resolve any discovery-related disputes without the need for Court intervention. However, while the parties have resolved some discovery related issues, the parties have been unable to resolve their disputes regarding certain categories of documents sought by EUSA, necessitating this Motion. In addition, as of the date of this Motion, EUSA has been unable to confirm a date for Plaintiff's deposition.

EUSA seeks to compel four categories of documents requested in EUSA's discovery requests to Plaintiff, to which Plaintiff has objected and refused to produce responsive documents. The requested documents are nonprivileged, relevant to Plaintiff's claims and EUSA's defenses, and proportional to the needs of the case. Accordingly, EUSA respectfully requests that this Court grant its Motion to Compel and issue an order compelling Plaintiff to produce the following categories of documents:

(1) Documents related to Plaintiff's job search;

(2) Communications between Plaintiff and Kevin Davis relating to their employment, discipline, and termination;

(3) Plaintiff's tax returns from 2017 and continuing through the date of trial of this action; and

(4) Documents related to Kevin Davis's job performance at EUSA.

## II.   STATEMENT OF FACTS

### A.   Plaintiff is Placed on a PIP, Terminated, and Files His Complaint Alleging Race Discrimination and Retaliation

Plaintiff was previously employed by EUSA as a Key Account Manager ("KAM"). (ECF No. 17, PageID.102). Plaintiff alleges that although his performance was comparable to his other KAMs, he was placed on a PIP and ultimately terminated because of his race and in retaliation for submitting a "grievance". (*Id.*, PageID.102-107). Plaintiff further alleges that another Black KAM, Kevin Davis, was placed on a PIP and terminated despite also exceeding sales goals. (*Id.*, PageID.104, 107).

On May 26, 2022, Plaintiff filed a Complaint against EUSA and Recordati Inc., alleging retaliation in violation of 42 USC § 1981 (Count I) and race discrimination in violation of the Elliott-Larsen Civil Rights Act ("ELCRA") (Count II). (ECF No. 1). On October 28, 2022, Plaintiff filed a First Amended Complaint against EUSA and Recordati Rare Diseases, Inc. wherein he added allegations that Recordati was his joint employer. (ECF No. 17). Recordati filed a Motion to Dismiss, arguing that the First Amended Complaint failed to plausibly allege that Recordati was Plaintiff's joint employer. (ECF No. 21). The Court granted

2

Recordati's Motion to Dismiss and dismissed Recordati without prejudice. (ECF No. 32). Thereafter, Plaintiff and EUSA filed their Joint Discovery Plan (ECF No. 34) and the Court issued its Scheduling Order, setting a deadline for completing fact discovery of December 22, 2023, and requiring discovery motions to be filed by November 10, 2023. (ECF No. 35).

### B.   EUSA's Discovery Requests to Plaintiff and Plaintiff's Responses

On February 3, 2023, EUSA served its First Interrogatories and Requests for Production of Documents ("discovery requests") on Plaintiff. As it relates to the present motion, the discovery requests sought various information and documents, including:

> **Interrogatory No. 3:** State the name, address and telephone number, and date of contact for all companies, entities, websites (including, for example, Michigan Works!), and the like with whom you have completed an application for employment or to whom you have submitted a resume or otherwise contacted to inquire about employment from November 19, 2021, through and including the present and continuing until the date of trial of this action.

> **Document Request No. 36:** Any and all resumes, cover letters, job application logs, web logs, e-ails, internet and/or on-line applications for job postings, or other documentation prepared, received, distributed or otherwise used by the Plaintiff during any search for employment, between November 19, 2021 and through the date of trial in this action, including specifically, any printouts, application logs and documents from Michigan Works!, Career Builder, Monster.com and Indeed.

> \*     \*     \*

> **Document Request No. 17:** Any and all emails, text messages, DMs, instant messages or other correspondence exchange between Plaintiff

3

and Kevin Davis regarding or related to their employment with EUSA or alleged employment with any other Defendant, the PIPs issued to them, their grievances or their termination, or otherwise regarding the allegations in Plaintiff's Complaint or any amended Complaint.

\* \* \*

**Document Request No. 37:** Complete records of all federal, state and local income tax returns filed by or on behalf of Plaintiff, or any business entity in which Plaintiff or his spouse had/has a beneficial or ownership interest, including, without limitation, W-2s, 1040s and all schedules or attachments thereto for the years between 2017 and through the date of trial in this action.

\* \* \*

**Document Request No. 18:** Any and all documents which Plaintiff contends support or refute Plaintiff's allegation that Kevin Davis's performance was above sales goals, as alleged in paragraph 25 of Plaintiff's Amended Complaint.

(**Ex. A**, Plaintiff's Responses to EUSA's Discovery Requests).

On April 25, 2023, and pursuant to a mutual extension of deadlines to respond to discovery, Plaintiff served his discovery responses. (**Ex. A**). In response to the discovery requests above, Plaintiff answered as follows:

**Interrogatory No. 3:** Refer to job search documents provided with responses to request for production of documents.

**Document Request No. 36:** See Job Search Documents

\* \* \*

**Document Request No. 17:** If there are any texts responsive to this request that are not objectionable on the basis of relevance, attorney client privilege, or proportionality, Plaintiff will supplement his responses accordingly.

\* \* \*

**Document Request No. 37:** Will supplement.

4

\*    \*    \*

> **Document Request No. 18:** Plaintiff refers Defendants to discovery in
> Mr. Davis' case pending in New Jersey state court, which Defendants'
> undersigned counsel's law firm is also defending.

(**Ex. A**). Along with his written responses and objections, Plaintiff also produced

documents. Although Plaintiff did produce some documents relating to his job

search, such as job listings on Indeed, the produced documents did not reflect certain

information requested in the discovery requests, such as the dates Plaintiff applied

to positions. Plaintiff also did not produce any of his tax returns, any

communications between Plaintiff and Kevin Davis, or any documents related to

Kevin Davis's job performance at EUSA.

### C.    The Parties' Attempts to Resolve or Otherwise Limit Discovery Disputes

Counsel for EUSA sent Plaintiff's counsel a letter on June 1, 2023, outlining

the deficiencies in Plaintiff's responses to EUSA's discovery requests. (**Ex. B**, June

1, 2023 Letter). The letter specifically identified that the job search documents

produced by Plaintiff "do not contain confirmation as to whether Plaintiff applied

for all of the position(s) referenced in the document, made contact or submitted his

resume, or on what date he may have applied or made contact/submission." (*Id.*).

The letter likewise noted that Plaintiff failed to produce any communications

between Plaintiff and Davis, any of Davis's performance-related documents, or his

tax returns. (*Id.*).

Plaintiff responded on June 12, 2023, agreeing to supplement Plaintiff's discovery responses with Plaintiff's subsequent job search. (**Ex. C**, June 12, 2023 Letter). Plaintiff's counsel further noted that he was continuing to inquire into communications between Plaintiff and Davis and that he would follow up with Plaintiff regarding tax returns (but questioning their relevance to monetary damages from 2022 onward). (*Id.*). Plaintiff's counsel further stated that he "will not be producing documents related to a different plaintiff who has filed suit in a different state."[1]

Counsel for the parties met on July 21, 2023 to confer regarding the outstanding discovery issues. Plaintiff's counsel reiterated his intention to supplement Plaintiff's discovery responses with Plaintiff's subsequent job search documents and tax records. Plaintiff's counsel expressed his position that communications between Plaintiff and Kevin Davis may be privileged, and that he did not believe there were any communications responsive to EUSA's discovery requests.

On October 17, 2023, counsel for EUSA sent another letter to Plaintiff, reiterating the outstanding discovery issues. (**Ex. D**, October 17, 2023 Letter). On October 23, 2023, Plaintiff's counsel responded, including by providing a list of

---

[1] Kevin Davis is represented by Plaintiff's counsel in his lawsuit against EUSA, filed in New Jersey State Court.

entities with whom Plaintiff has sought employment. (**Ex. E**, October 23, 2023 Letter). Although the list did include dates on which Plaintiff applied, the letter did not include any related documentation such as completed applications, resumes, or communications with hiring managers, or the referenced entities. This time, Plaintiff's counsel refused to produce Plaintiff's tax returns and likewise restated his objections to the request for Kevin Davis's performance records. (*Id.*). Notably, Plaintiff's counsel admitted that text messages existed between Plaintiff and Davis, and that "although there are occasional communications about routine work matters, there is nothing of significant relevance to the claims in this suit and I will object to providing these." (*Id.*).

Having been unable to resolve the discovery disputes relating to these four categories of documents, counsel for EUSA sent Plaintiff a final letter on November 7, 2023. (**Ex. F**, November 7, 2023). The letter summarized EUSA's position regarding Plaintiff's outstanding discovery obligations and sought concurrence in a motion to compel production of the same. (*Id.*). In addition, the letter requested that Plaintiff's counsel provide a date for Plaintiff's deposition in December. Concurrence was not obtained, thereby necessitating the filing of the present motion.

### III.   LEGAL ARGUMENT

Fed. R. Civ. P. 26(b)(1), governing the scope of discovery, provides that parties may obtain discovery regarding "any nonprivileged matter that is relevant to

any party's claim or defense and proportional to the needs of the case." Courts within the Sixth Circuit have adopted an "extremely broad" scope of discovery under the Federal Rules of Civil Procedure. *Lewis v. ACB Business Servs. Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). The scope of discovery includes more than evidence that will be admissible at trial, and material is discoverable if it is "reasonably calculated to lead to the discovery of admissible evidence." *Id*.

### A. Documents Relating to Plaintiff's Job Search Are Discoverable

Courts within the Sixth Circuit have held that job search documents are relevant to issues relating to mitigation efforts, and are thus discoverable. *See, e.g., German v. Micro Elecs., Inc.*, No. 2:12-cv-292, 2013 U.S. Dist. LEXIS 4594 (S.D. Ohio Jan. 11, 2013).[2] There, the plaintiff produced a document titled "Mitigation and Job Lists" which the plaintiff conceded was a "partial list" of jobs. *Id.* at *11. Considering this an incomplete response, the defendant filed a motion to compel, seeking a full disclosure including email confirmations. *Id.* at *12. In response, the plaintiff argued that any missing information was attributable to her inability to remember or find the information. *Id.* at *11. The court agreed with the defendant in holding that email confirmations of online job applications were relevant and discoverable. *Id.* at *14; *see also McGarity v. Birmingham Pub. Sch.*, No. 19-cv-

---

[2] Unpublished cases attached in alphabetical order as **Exhibit F.**

11316, 2020 U.S. Dist. LEXIS 268876, at *9 (E.D. Mich. Apr. 13, 2020) (holding that the plaintiff must produce documents related to her job search created after her termination).

Here, Plaintiff's job search documents are unquestionably relevant and discoverable—evidenced by the fact that Plaintiff initially produced some documents. Plaintiff alleges in his Amended Complaint that as a direct and proximate result of his termination of employment, he has suffered "[l]ost wages, bonuses, benefits, incentives, and other income earning opportunities both in the past *and into the future*" as well as "an impairment of his earning capacity and ability to work." (ECF No. 17, PageID.109). EUSA's affirmative defenses include that "Plaintiff's claims for monetary damages or other monetary remedies are barred because he failed to mitigate or to adequately mitigate his damages." (ECF No. 22, PageID.285). Thus, information regarding Plaintiff's job search after his termination from EUSA are directly relevant both to Plaintiff's claimed damages as well as EUSA's affirmative defenses. Plaintiff should be compelled to either produce a full record of documents relating to his job search, or otherwise affirmatively state that no other such documents exist or have not yet been produced. *See Mitchell v. Cty. Of Warren*, No. 09-CV-11480, 2012 U.S. Dist. LEXIS 56453, at *3 (E.D. Mich. Apr. 23, 2012) ("If no such documents exist which have not already been produced Defendants must state as much in their response"); *Lawroski v. Nationwide Mut. Ins.*

9

*Co.*, No. 2:11-cv-1074, 2012 U.S. Dist. LEXIS 178005, at *3 (S.D. Ohio Dec. 17, 2012) ("If Defendants' representations are accurate and no such documents exist, Defendants should clearly state that to be the case in their responses to Plaintiff's discovery requests … Defendants' failure to state that no responsive documents exist implies that the opposite is true."). Accordingly, Plaintiff's should be ordered to supplement his responses to discovery requests related to his job search, and to produce all documentation related to his job search and mitigation efforts, including emails.

### B.      Communications Between Plaintiff and Kevin Davis Are Discoverable

Plaintiff initially objected to producing communications, including text messages, between Plaintiff and Kevin Davis on the basis that such communications were attorney-client privileged. This is plainly not the case. The attorney-client privilege protects from disclosure "confidential communications between a lawyer and his client in matters that relate to the legal interests of society and the client." *In re Grand Jury Investigation*, 723 F.2d 447, 451 (6th Cir. 1983). Neither Plaintiff nor Kevin Davis are attorneys, and therefore any communications between the two of them not involving their counsel would not be protected by the attorney-client privilege. Plaintiff's objection to producing his communications with Kevin Davis on this basis fails as a matter of law.

Plaintiff further objected to producing these communications on the basis of

relevance. This objection has no basis. Plaintiff's First Amended Complaint alleges that he and Kevin Davis were the only Black KAMs employed by EUSA. (ECF No. 17, PageID.104). There is no suggestion that Plaintiff and Kevin Davis knew each other outside of a professional capacity. Accordingly, it stands to reason that any communications between Plaintiff and Davis are related to their employment with EUSA, their PIPs, their grievances against EUSA, and their terminations. Moreover, Davis is listed as a potential witness in Plaintiff's Initial Disclosures. (**Ex. G**, Plaintiff's Initial Disclosures). EUSA is entitled to obtain copies of correspondence exchanged between Plaintiff and an identified fact witness, particularly where their relationship is so closely tied to Plaintiff's claims. Moreover, in light of the fact that Davis has field his own lawsuit against EUSA in New Jersey state court, EUSA should be permitted to assess Davis's credibility by way of his communications with Plaintiff, as well as Plaintiff's credibility based on his communications with Davis.

### C. Plaintiff's Tax Returns are Relevant to His Claim of Damages

It is well-settled law that tax returns are not privileged. *De Marco v. C & L Masonry, Inc.*, 891 F.2d 1236, 1240 (6th Cir. 1989). Courts in the Sixth Circuit typically find tax returns to be relevant in actions where a party's income is in issue, such as where a claim for lost wages has been asserted. *Bricker v. R & A Pizza, Inc.*, No. 2:10-cv-278, 2011 U.S. Dist. LEXIS 55324, at *8 (S.D. Ohio May 23, 2011) (collecting cases). Consistent with this principal, courts in the Sixth Circuit have

held that a plaintiff's tax returns are relevant to the issues of damages and mitigation and granted motions to compel production of such tax returns. *See, e.g., Kumar v. Hilton Hotels Corp.*, No. 08-2689 D/P, 2009 U.S. Dist. LEXIS 101254, at *8 (W.D. Tenn. Oct. 30, 2009) (granting the defendant's motion to compel production of the plaintiff's tax records for the five years preceding his termination).

EUSA anticipates that Plaintiff will argue that his tax returns prior to his employment with EUSA are not relevant and therefore not discoverable. However, Plaintiff alleges in his First Amended Complaint that prior to his employment with EUSA, he was "an experienced pharmaceutical sales representative with approximately 25 years of service providing pharmaceutical support to medical providers, including multiple wards for his sales performance." (ECF No. 17, PageID.102). Plaintiff alleges that part of the harm he has suffered is "an impairment of his earning capacity and ability to work[.]" (*Id.*, PageID.109). Accordingly, Plaintiff has placed at issue his earning potential subsequent to his employment at EUSA compared to his wages prior to his employment at EUSA. Plaintiff's tax returns from 2017 to present are relevant to this issue. Moreover, EUSA's request for tax returns is limited only to the past five years, which is proportionate and not overly burdensome.

Moreover, Plaintiff's written responses to Requests to Produce Nos. 40, 60, and 62 all referred back to the tax records which Plaintiff has thus far withheld. (**Ex.**

**A**). Indeed, Plaintiff's initial written responses to EUSA's discovery requests did not raise any objections to providing the tax records. It was not until Plaintiff's counsel's letter dated June 12, 2023 that he raised the possibility of objections to producing the tax returns. (**Ex. C**). Indeed, even in the June 12 letter, Plaintiff's counsel merely "question[ed] their relevance to monetary damages from 2022 forward." (*Id.*). It was not until October 23 that Plaintiff's counsel raised a written objection to producing the tax returns. (**Ex. E**). Accordingly, Plaintiff has waived any objection to those requests. *Siser N. Am., Inc. v. Herika G. Inc.*, 325 F.R.D. 200, 210 (E.D. Mich. 2018) ("As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objections"). Therefore, Plaintiff should be compelled to produce his tax returns.

### D. Plaintiff Placed Kevin Davis's Job Performance at Issue in this Matter

Pursuant to Fed. R. Civ. P. 34(a)(1), a party must produce items in its "possession, custody, or control." Plaintiff's response to Document Request No. 18 relating to Kevin Davis's job performance was to refer EUSA to "discovery in Mr. Davis' case pending in New Jersey state court, which Defendants' undersigned counsel's law firm is also defending." (**Ex. A**). This is not a proper basis by which to withhold relevant discovery. Indeed, what EUSA seeks to discover specifically from Plaintiff is the information and/or documentation which Plaintiff has related to Mr. Davis's alleged performance.

13

Although "it is well established that discovery need not be required of documents of public record which are equally accessible to all parties," *Nurse Notes, Inc. v. Allstate Ins. Co.*, No. 10-CV-14481, 2011 U.S. Dist. LEXIS 55222, at *2 (E.D. Mich. May 24, 2011), documents produced in discovery are not documents of public record. Moreover, to the extent Kevin Davis may participate in discovery in his New Jersey lawsuit, EUSA's discovery requests are directed to Plaintiff, not to Kevin Davis. The documents requested by EUSA are therefore necessarily different from any similar requests to Kevin Davis in the New Jersey lawsuit in that here, EUSA seeks documents which are in Plaintiff's possession, custody, and control, not Kevin Davis's. Plaintiff's First Amended Complaint places Kevin Davis's alleged performance at issue in this litigation, and EUSA is entitled to evaluate the evidence in Plaintiff's possession, custody, and control regarding his allegations as to Kevin Davis's job performance.

For the reasons set forth above, EUSA's Motion to Compel Production of Documents should be granted as to the four categories of documents discussed herein.

## IV.   CONCLUSION

Accordingly, for the reasons set forth above, EUSA respectfully requests that this Court grant its Motion to Compel and issue an order compelling Plaintiff to produce the following categories of documents and to appear for deposition prior to

December 22, 2023:

(1) Documents related to Plaintiff's job search;

(2) Communications between Plaintiff and Kevin Davis relating to their employment, discipline, and termination;

(3) Plaintiff's tax returns from 2017 and continuing through the date of trial of this action; and

(4) Documents related to Kevin Davis's job performance at EUSA.

<div style="margin-left: 40%">

Respectfully submitted,
JACKSON LEWIS P.C.

By:  /s/ Benjamin D. Wu
Emily Petroski (P63336)
Benjamin D. Wu (P85635)
2000 Town Center, Suite 1650
Southfield, Michigan 48075
P: (248) 936-1900
emily.petroski@jacksonlewis.com
benjamin.wu@jacksonlewis.com
Attorneys for EUSA Pharma US LLC

</div>

Dated:  November 10, 2023

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 10th day of November, he did file this document using the CM/ECF system which will send notice of its filing to all counsel of record.

<div style="margin-left: 40%">

/s/ Benjamin D. Wu
Benjamin D. Wu

</div>