UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE "GEO" LEE,

    Plaintiff,

v.

EUSA PHARMA US LLC

Defendants.

Case No: 2:22-CV-11145

Hon. Paul D. Borman
Mag. Judge Anthony Patti

---

| | |
|---|---|
| Nicholas Roumel (P37056)<br>Amanda M. Ghannam (P83065)<br>NACHTLAW, P.C.<br>**Attorneys for Plaintiff**<br>501 Avis Dr., Ste. 3<br>Ann Arbor, MI 48108<br>(734) 663-7550<br>nroumel@nachtlaw.com<br>aghannam@nachtlaw.com | Emily M. Petroski (P63336)<br>Benjamin D. Wu (P85635)<br>JACKSON LEWIS P.C.<br>**Attorney for Defendant**<br>2000 Town Center, Suite 1650<br>Southfield, MI  48075<br>(248) 936-1900<br>emily.petroski@jacksonlewis.com<br>Benjamin.wu@jacksonlewis.com |

---

### PLAINTIFF'S RESPONE TO DEFENDANT'S MOTION TO COMPEL DISCOVERY

    Plaintiff responds to Defendant's motion to compel discovery as set forth in the attached brief.

                                                Respectfully submitted,
                                                NACHT & ROUMEL, P.C.

                                                */s/ Nicholas Roumel*

November 21, 2023                                   Attorneys for Plaintiff

## DEFENDANT'S FAILURE TO CONFER OR TO MAKE CERTIFICATION PURSUANT TO FRCP 37 (a) (1) and LR 7.1

Defendant did not include a separate certification of compliance, required by court rule, that it has "in good faith conferred or attempted to confer" with the Plaintiff's counsel in an effort to obtain concurrence without court action. Defendant does describe, in the body of its motion [ECF 46, PageID 568], that it most recently attempted to confer with counsel by way of its November 7, 2023 letter [ECF 46-6].

What Defendant does not mention is that upon receipt of that letter, Plaintiff's counsel sought to make a phone appointment (via email, on November 8, 2023) to discuss both parties' respective motions to compel, but there was no communication from Defendant.

Specifically, Plaintiff would have offered compromises in certain areas of both motions, which must now be deferred to the statement of resolved and unresolved issues.

So certified.

                                                                                     Respectfully submitted,
                                                                                     NACHTLAW, P.C.

                                                                                     */s/ Nicholas Roumel*

November 21, 2023                                  Attorneys for Plaintiff

## BRIEF IN RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Plaintiff, George "Geo" Lee was a Michigan-based pharmaceutical sales representative for Defendant EUSA Pharma US LLC ("EUSA"), until he was terminated on May 20, 2022. He alleges it was because of illegal race discrimination, and retaliation for his internal complaint of race discrimination. Mr. Lee's co-worker, Kevin Davis, who is also Black, was fired on the same day. Mr. Davis has a separate suit pending in New Jersey state court.

Mr. Lee has claims under 42 U.S.C. 1981, and the Elliott-Larsen Civil Rights Act ("ELCRA"). Both statutes address discrimination and retaliation claims, protecting individuals who suffer adverse employment actions due to their protected activity. Both statutes provide for back pay; front pay; other injunctive and equitable relief, such as reinstatement. Section 1981 also provides for punitive damages. Plaintiff has also recently requested a Right to Sue letter from the EEOC so that he may seek to amend his complaint to include claims under Title VII.

### Discovery Dispute

The parties have each filed motions compel discovery. Defendant filed their motion despite Plaintiff being generally cooperative - objecting to just one of sixteen interrogatories (in part) [ECF 43-1] and only 5 of 64 requests for production. Plaintiff also provided significant supplementation thereafter.

Defendant's motion falls into four general categories: (1) Plaintiff's job search, (2) Plaintiff's communications with Davis; (3) tax returns; and (4) Kevin Davis' performance records. These will be dealt with in turn.

## Argument

**Job Search** – Defendant seeks all documents concerning Plaintiff's job search, which has now spanned a year and a half, as he has remained jobless since Defendant terminated him. Yet Plaintiff has already provided 310 pages of his complete job search as of the date of his discovery responses, and supplemented on October 23, 2023 with 39 additional potential employers. [Exh A] This response is more than sufficient to show that Plaintiff has mitigated his damages, and appropriately proportional to the scope of the inquiry. [FRCP 26 (b) (1)]

A plaintiff in an employment termination case, under both federal and state law, has a duty to mitigate lost wages, by "us[ing] reasonable diligence" to locate "substantially equivalent" employment. *Ford Motor Co v EEOC*, 458 US 219, 231 (1982); *Higgins v Lawrence*, 107 Mich App 178 (1981); *Morris v Clawson Tank Co*, 459 Mich 256 (1998).

Whether a claimant used such reasonable care and diligence is a question of fact. [*Rasimas v Michigan Dep't of Mental Health*, 714 F2d 614 (6th Cir 1983)] It is defendant's burden to show lack of diligence, which may be

5

satisfied only by establishing (1) that substantially equivalent positions were available and (2) that the claimant failed to use reasonable care and diligence in seeking the positions. Id. at 623–624.

Mr. Lee essentially concedes the first part of the test by applying for scores of comparable positions, but without success. Regarding the second part, the *Rasimas* court added: "A claimant is only required to make reasonable efforts to mitigate damages, and is not held to the highest standards of diligence. The claimant's burden is not onerous, and does not require him to be successful in mitigation. The reasonableness of the effort to find substantially equivalent employment should be evaluated in light of the individual characteristics of the claimant and the job market. … defendant had the burden of demonstrating Rasimas' conduct was so unreasonable as to constitute a failure to mitigate damages." *Rasimas*, Id. at 624–25]

Michigan courts take a similar approach to the mitigation doctrine under the state discrimination statutes. See *Edgecomb v Traverse City Sch Dist*, 341 Mich 106, 115 (1954), *Rich v Daily Creamery Co*, 296 Mich 270, 282 (1941).

Here, Defendant does not have a serious argument that Plaintiff has not made sufficient efforts to find employment; instead, they want to bury him in discovery obligations that would require him to save and produce every text, every email, and every screen shot for every application, over the course of a

year and a half. This is unduly burdensome and disproportionate to the needs of the case, and frankly may operate to deter Plaintiff from looking for work if he knew that every keystroke had to be turned over to the Defendant's attorneys. To any extent that Defendant wishes to claim that Mr. Lee did not, in fact, produce enough paper in this regard, such an argument goes to weight, not admissibility. [See, e.g., *Herring v. SCI Tennessee Funeral Servs., LLC*, No. 2:15-CV-280, 2017 WL 10379677, at *2 (E.D. Tenn. May 3, 2017); " … this lack of documentation and the sheer number of claimed oral attempts to find a suitable job go to the weight of the evidence and are proper subjects for vigorous cross-examination."]

Defendant's citations are inapposite. In *German v. Micro Elecs., Inc.*, No. 2:12-CV-292, 2013 WL 143377 (S.D. Ohio Jan. 11, 2013), the plaintiff failed to produce any evidence of a job search for a period of over one year, not even naming the employers to which she applied, and she conceded that her list was incomplete. In contrast, Mr. Lee has provided the name of every employer to which he has applied. Defendant's other case fares no better - in *German v. Micro Elecs., Inc.*, No. 2:12-CV-292, 2013 WL 143377 (S.D. Ohio Jan. 11, 2013) Magistrate Judge Grand merely held that the *pro se* plaintiff had no grounds to object to the discovery request seeking evidence of mitigation.

**Plaintiff's communications with Davis** – Plaintiff concedes that text messages exist between him and his former co-worker, Kevin Davis. Many of these are protected by the attorney-client privilege, since undersigned counsel (who also represents Davis) was party to many exchanges.

As for text messages solely between Lee and Davis during their employment with EUSA, or relative to their employment, Mr. Lee has not produced them because they are not in his possession or control.

**Plaintiff's tax returns** – Plaintiff does not object to producing evidence of earnings, indeed, he is obligated to do so. [*Rasimas,* Id.] However, he should not be compelled to produce joint tax returns with his non-party wife, especially where evidence of his earnings may be established by other means. [Accord, *Gattegno v. Pricewaterhousecoopers*, LLP, 205 F.R.D. 70 (D. Conn. 2001); *Clemens v. New York Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225 (M.D. Pa. 2014)] Some courts have found a qualified privilege in tax returns; e.g. *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216–17 (W.D. Va. 1997); *Carmody v. Village of Rockville Centre*, No. CV–05–4907 (SJF)(ETB), 2007 WL 2042807, at * 2 (E.D.N.Y. Jul. 13, 2007); *Gillespie v. Melyakov*, No. CV WGC-09-169, 2009 WL 10685581, at *2 (D. Md. Nov. 25, 2009). These courts have also permitted Plaintiff to produce evidence of earnings by alternative means.

Plaintiff recognizes his obligation to do so but will not produce joint tax returns. This would have been a topic for a meet-and-confer had Defendant availed itself of Plaintiff's invitation to do so.

**Kevin Davis' job performance** – Plaintiff has no such records within his custody or control. Defendant's counsel was so informed when they sought concurrence. ("… we will not be producing "Documents Regarding Kevin Davis' Performance" which (a) are not in Plaintiff's possession, but are attorney work product; and (b) more importantly, your client has them." [Plaintiff's counsel's email of 11/8/23] Frankly, it is unclear why Defendant believes Mr. Lee has records of the job performance of Mr. Davis, who lives in New Jersey.

**Plaintiff's deposition** – Defendant notes that its November 7, 2023 letter sought a date for Plaintiff's deposition before the close of discovery. Plaintiff has never indicated he would not appear for deposition; his counsel would have been happy to discuss dates for all depositions to be taken by each party, had Defendant's counsel responded to Plaintiff's counsel's November 8 email to "set a call before we file anything." Nonetheless, given the pending discovery dispute and the looming December 22 discovery deadline, perhaps it makes sense to extend discovery for depositions only. An extension is additionally justified by Mr. Lee's intent to amend his complaint to include Title VII claims, once he receives his recently requested Right to Sue letter from the EEOC.

**W H E R E F O R E** Plaintiff requests this Honorable Court deny Defendant's motion to compel discovery, with costs, attorney fees, and any other sanction or relief that the Court may grant.

                                                Respectfully submitted,

                                                NACHTLAW, P.C.

                                                      *s/Nicholas Roumel*

November 21, 2023                      Attorneys for Plaintiff
                                                Nicholas Roumel