UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE "GEO" LEE,

    Plaintiff,

v.

EUSA PHARMA US LLC,

    Defendant.

CASE NO. 22-cv-11145

HON. PAUL D. BORMAN

---

Nicholas Roumel (P37056)
Amanda M. Ghannan (P83065)
NACHT & ROUMEL, P.C.
Attorneys for Plaintiff
101 N. Main St., Ste. 555
Ann Arbor MI 48104
734-663-7550
nroumel@nachtlaw.com
aghannan@nachtlaw.com

JACKSON LEWIS P.C.
Emily M. Petroski (P63336)
Benjamin D. Wu (P85635)
Attorneys for EUSA Pharma US LLC
2000 Town Center, Suite 1650
Southfield, MI  48075
(248) 936-1900
emily.petroski@jacksonlewis.com
benjamin.wu@jacksonlewis.com

---

## DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION[1] TO COMPEL DISCOVERY

---

[1] Contrary to Plaintiff's assertions, Defendant's Motion provides detail regarding the parties' efforts to meet and confer in an effort to resolve discovery issues related to this matter and Defendants' efforts to obtain concurrence in the relief requested in this Motion, consistent with the requirements. L.R. 7.1.

# **TABLE OF CONTENTS**

INDEX OF AUTHORITIES ....................................................................................... ii

    A.    Plaintiff's Discovery Obligations Require Him to Provide Information and Documentation Related to His Mitigation Efforts. ........................................................................................ 1

    B.    Plaintiff's Own Communications With a Witness Are Not Privileged. ....................................................................................... 2

    C.    The Fact That Plaintiff Filed Joint Tax Returns With His Wife Has No Bearing As To Whether They Are Discoverable. ..................... 4

    D.    Plaintiff Must Produce Discoverable Documents Which Are in his Possession, Custody, or Control. ....................................................... 5

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*Herring v. Sci Tenn. Funeral Servs.*, No. 2:15-CV-280, 2017 U.S.
  Dist. LEXIS 230356 (E.D. Tenn. May 3, 2017) ................................................... 2

*In re Grand Jury Investigation No. 83-2-35*,
  723 F.2d 447 (6th Cir. 1983) ............................................................................... 3

*In re Grand Jury Proceedings*,
  78 F.3d 251 (6th Cir. 1996) ................................................................................. 3

*Queen v. City of Bowling Green*,
  No. 1:16CV-00131-JHM, 2017 U.S. Dist. LEXIS 160425 (W.D.
  Ky. Sept. 28, 2017) ......................................................................................... 4, 5

*Terwilliger v. York Int'l Corp.*,
  176 F.R.D. 214 (W.D. Va. 1997) ......................................................................... 4

**Rules**

Fed. R. Civ. P. 26(b)(1) ............................................................................................. 1

Fed. R. Civ. P. 34 ..................................................................................................... 6

ii

### A. Plaintiff's Discovery Obligations Require Him to Provide Information and Documentation Related to His Mitigation Efforts.

With respect to Defendant EUSA's discovery requests to Plaintiff for documents regarding his job search, Plaintiff argues that he has provided 310 pages of documents, which he contends is "more than sufficient" even though it consists largely of job listings. However, that is not the standard that governs the scope of discovery. Rather, Plaintiff must produce documents that are relevant to the parties claims or defenses and which are proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1).

All of Plaintiff's job search documents, not just select portions thereof, are unquestionably relevant and discoverable. Thus, while Plaintiff claims in his Response (ECF No. 45) that he has provided the name of every employer to which he applied, Plaintiff has not provided documentation relating to his applications or inquiries to each of these employers. Indeed, the documentation provided by Plaintiff did not include certain information requested by EUSA, including the dates that he applied to these jobs, or all documentation related to Plaintiff's consideration for hire. Rather, the bulk of the documents Plaintiff produced consists only of job listings. Where Plaintiff did produce other documentation related to a certain job (handwritten notes or emails), these documents show that Plaintiff is in possession of additional documents that were not produced. For example, Plaintiff produced a handwritten note indicating that he spoke to a recruiter about a position and that the

1

recruiter sent him an email asking for an interview timeline, but that email was not produced. Thus, Plaintiff appears to be in possession of additional responsive documents that have not yet been produced in discovery. Indeed, his Response so indicates. EUSA is entitled to all documents and information related to Plaintiff's post-employment mitigation efforts, not produced to date. The information is relevant, discoverable, and must be produced.

Plaintiff cites to *Herring v. Sci Tenn. Funeral Servs.*, No. 2:15-CV-280, 2017 U.S. Dist. LEXIS 230356 (E.D. Tenn. May 3, 2017)[2] to argue that EUSA's argument that Plaintiff did not "produce enough paper" goes to weight, not admissibility. (ECF No. 45, PageID.692). But *Herring* involved a Motion to Exclude Testimony wherein the defendant sought to preclude the plaintiff from testifying about her mitigation efforts because she did not supplement her discovery responses with sufficient detail. *Id.* at *1-2. This was not a motion to compel discovery, and the court in *Herring* did not address whether the plaintiff had complied with her discovery obligations. Rather, the court's opinion in *Herring* noted that the motion was essentially a motion in limine. *Id.* at *6. Thus, *Herring* is inapplicable to EUSA's Motion to Compel.

**B. Plaintiff's Own Communications With a Witness Are Not Privileged.**

Plaintiff in his Response concedes that he is in possession of text messages with Kevin Davis, "many" but not all of which Plaintiff claims are protected by

---

[2] Unpublished cases attached as **Exhibit A**.

attorney-client privilege, on the basis that Plaintiff's counsel also represents Davis and was included in the communications between Plaintiff and Davis. Despite this, Plaintiff has yet to produce even those messages between Davis and Plaintiff which he concedes are not privileged. Moreover, Plaintiff does not provide any legal authority that the attorney-client privilege attaches to communications between himself and Davis, whom Plaintiff has identified as a witness in this case.

The burden of establishing the existence of attorney-client privilege rests with the party asserting it. *In re Grand Jury Investigation No. 83-2-35*, 723 F.2d 447, 450 (6th Cir. 1983). As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications to third parties. *In re Grand Jury Proceedings*, 78 F.3d 251, 254 (6th Cir. 1996). Here, there is no question that Kevin Davis is a non-attorney third party. Thus, any attorney-client privilege that Plaintiff might have enjoyed was waived when he communicated with Davis.

In support of his assertion of attorney-client privilege as to these text messages, Plaintiff states only that his counsel—who also represents Davis in a separate lawsuit—was "party to many exchanges." (ECF No. 45, PageID.693). Plaintiff does not provide any detail as to the substance of these text message exchanges, nor does Plaintiff assert that any of his text messages with Davis were for the purpose of obtaining or relaying legal advice. Thus, Plaintiff fails to meet his burden to show that the text messages are protected by privilege. The text messages

3

are unprivileged and therefore discoverable, and Plaintiff should be compelled to produce them. To the extent Plaintiff now claims that any messages are not within his possession or control, he must explain what happened to these communications which he previously acknowledged existed and objected to producing.

### C. The Fact That Plaintiff Filed Joint Tax Returns With His Wife Has No Bearing As To Whether They Are Discoverable.

Plaintiff concedes that evidence of earnings are discoverable. (ECF No. 45, PageID.693). Plaintiff argues that he should not be compelled to produce joint tax returns filed with his non-party wife, and that evidence of his earnings may be established by other means. In general, tax returns are discoverable particularly where the plaintiff asserts claims of lost wages. *See, e.g., Queen v. City of Bowling Green*, No. 1:16CV-00131-JHM, 2017 U.S. Dist. LEXIS 160425 (W.D. Ky. Sept. 28, 2017) ("[plaintiff's] tax returns … are the best source of relevant information pertaining to his lost wages and benefits claim and his efforts to mitigate those damages"). Plaintiff cites to several cases ostensibly applying a qualified privilege in tax returns, but these cases are outside the Sixth Circuit. Moreover, none of these cases hold that joint tax returns are not discoverable as a general rule—rather, they hold that a party resisting discovery of tax returns "has the task to identify an alternative source for the information." *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 217 (W.D. Va. 1997). Plaintiff here speculates that evidence of his earnings may be established by other means, but does not identify any alternative sources, or

4

provide any other documentation confirming his income from all sources. Thus, this line of caselaw cited by Plaintiff is unpersuasive and inapplicable.

With respect to caselaw within the Sixth Circuit, courts have permitted discovery of a plaintiff's tax returns, even when they are filed jointly with a non-party. *See, e.g., Queen*, supra (holding that the plaintiff's spouse's privacy interest in her financial information would be protected by redacting such information from the joint tax returns prior to producing them). The court in *Queen* noted that tax returns are a better source of evidence regarding lost wages and mitigation efforts because "[i]n contrast to [] W-2s and 1099s … tax returns provide a testimonial assurance regarding the accuracy of the information." 2017 U.S. Dist. LEXIS 160425 at *19. The same is true here. Plaintiff fails to identify any alternative source of information by which EUSA may ascertain details relating to his claim of lost wages and mitigation efforts. Finally, any concerns Plaintiff may have with his spouse's financial information can be remedied through redaction. *See Queen* at *20-21. Accordingly, Plaintiff should be compelled to produce his joint tax returns.

### D. Plaintiff Must Produce Discoverable Documents Which Are in his Possession, Custody, or Control.

With respect to Kevin Davis's job performance records, Plaintiff in his Response states that he has no such records within his custody or control. This is the first time Plaintiff has made such an affirmative statement. Previously, Plaintiff represented only that such records were not in his *possession* but made no mention

of Plaintiff's custody or control. Indeed, Plaintiff's responses to EUSA's Requests for Production made no objection to this request at all and merely referred EUSA to Davis's pending New Jersey lawsuit. (ECF No. 43-1, PageID.609).

Fed. R. Civ. P. 34 imposes on parties the duty to disclose documents in the responding party's "possession, custody, or control." Thus, if a party has custody or control of responsive documents but not possession, this does not absolve them of their discovery obligations. The foundation for EUSA's request for Davis's job performance records (which are relevant because Plaintiff's First Amended Complaint purports to place Davis's performance at issue in this litigation) was Plaintiff's refusal to affirmatively state that no responsive documents were in his possession, custody, or control. To the extent Plaintiff affirmatively states as such now, Plaintiff should amend his discovery responses accordingly, and also confirm whether any documents supporting the allegations in his Complaint regarding Davis's performance were ever in his possession, custody or control.

### E. Plaintiff Should Be Compelled to Appear for His Deposition Before the Close of Discovery

Plaintiff contends that he has never taken the position that he would not appear for deposition and remains willing to discuss scheduling Plaintiff's deposition. To date, however, Plaintiff's counsel has yet to provide any potential dates for Plaintiff's deposition prior to the close of discovery. Rather, Plaintiff's counsel suggests that the parties extend discovery to allow him to "amend his Complaint to

6

include Title VII claims, once he receives his recently requested right to sue letter." This Court, however, denied a prior motion to amend the Complaint. Moreover, the Dismissal and Notice of Rights was issued on November 17, prior to the filing of Plaintiff Response. To date however, Plaintiff has made no effort to amend his Complaint. Accordingly, Defendant reiterates its request that Plaintiff be ordered to appear for deposition prior to the December 22, 2023 close of discovery.

WHEREFORE, for the reasons discussed herein and in its principal brief, Defendant EUSA respectfully requests that the Court grant its Motion to Compel and issue an order compelling Plaintiff to supplement his discovery responses to produce the following categories of documents and information, or confirm he has no such documents in his possession, custody or control, and to appear for deposition prior to December 22, 2023: (1) documents and information related to Plaintiff's job search; (2) communications between Plaintiff and Kevin Davis relating to their employment, discipline, and termination;(3) Plaintiff's tax returns from 2017 and continuing through the date of trial of this action; (4) documents related to Kevin Davis's job performance at EUSA.

                                                               JACKSON LEWIS P.C.

                                                       By: /s/ Emily M. Petroski
                                                               Emily M. Petroski (P63336)
                                                               Benjamin D. Wu (P85635)
Dated: November 28, 2023             Attorneys for EUSA Pharma US LLC

4881-5393-2691, v. 3

## **CERTIFICATE OF SERVICE**

On this day November 28, 2023, the undersigned did cause to be filed the foregoing document with the Court using the CM/ECF system, which will send notice of its filing to all counsel of record.

/s/ Emily M. Petroski
Emily M. Petroski (P63336)

4881-5393-2691, v. 3