UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE "GEO" LEE,

      Plaintiff,                   Case No: 2:22-CV-11145

v.                                Hon. Paul D. Borman
                                Mag. Judge Anthony Patti

EUSA PHARMA US LLC

      Defendants.

---

Nicholas Roumel (P37056)        Emily M. Petroski (P63336)
Amanda M. Ghannam (P83065)    Benjamin D. Wu (P85635)
NACHTLAW, P.C.             JACKSON LEWIS P.C.
Attorneys for Plaintiff          Attorney for Defendants
101 N. Main St., Ste. 555       2000 Town Center, Suite 1650
Ann Arbor, MI 48104           Southfield, MI  48075
(734) 663-7550               (248) 936-1900
_nroumel@nachtlaw.com_       _emily.petroski@jacksonlewis.com_
_aghannam@nachtlaw.com_     _Benjamin.wu@jacksonlewis.com_

---

**JOINT STATEMENT OF RESOLVED AND UNRESOLVED ISSUES**

Plaintiff George "Geo" Lee ("Plaintiff"), and Defendant EUSA Pharma US, LLC ("EUSA" or "Defendant"), submit the following Joint Statement of Resolved and Unresolved Issues in accordance with the Court's November 13, 2023 Notice of Motion Hearing (ECF 44).

## I.    CERTIFICATION

The parties have conferred in good faith to resolve the issues presented in EUSA's Motion to Compel and Plaintiff's Motion to Compel (ECF 42 and ECF 43). A meet and confer meeting was held via Microsoft Teams on Monday, December 4, 2023, for just short of an hour. Plaintiff followed up by sending a draft of the Resolved and Unresolved Issues for Defendant's review. Defendant, in turn, sent correspondence on December 6 outlining its perspective, as well as a revised draft of the Resolved and Unresolved Issues. The parties corresponded further on December 7 via email and Plaintiff sent an updated draft of the resolved and unresolved issues on that date, which included an agreement on one of the outstanding issues. The parties also conferred again via phone on December 8, 2023.

A summary of the issues is below, with more detail contained within the parties' briefs.

## II.    EUSA'S MOTION TO COMPEL

**A.    Job search records and information related to the below discovery requests. (UNRESOLVED)**

**Movant (Defendant's) position:** EUSA maintains it is entitled to the records and information for the reasons set forth in its Motion as it pertains to Plaintiff's

mitigation efforts and damages and as the documents produced to date indicate other responsive documents exist. The discovery requests at issue are as follows:

> **Interrogatory No. 3:** State the name, address and telephone number, and date of contact for all companies, entities, websites (including, for example, Michigan Works!), and the like with whom you have completed an application for employment or to whom you have submitted a resume or otherwise contacted to inquire about employment from November 19, 2021, through and including the present and continuing until the date of trial of this action.

> **Document Request No. 36:** Any and all resumes, cover letters, job application logs, web logs, e-ails, internet and/or on-line applications for job postings, or other documentation prepared, received, distributed or otherwise used by the Plaintiff during any search for employment, between November 19, 2021 and through the date of trial in this action, including specifically, any printouts, application logs and documents from Michigan Works!, Career Builder, Monster.com and Indeed.

**<u>Respondent (Plaintiff's) position:</u>** Plaintiff has complied. He has provided 310 pages of job search documentation and supplemented with 39 additional employers with whom he has sought employment. Defendant's demand for every email, every text, and every screenshot of online applications over the course of a year and a half job search is not proportional to the scope of the request.  Plaintiff only need show reasonable diligence to find substantially equivalent employment, and he has provided Defendant with evidence of that. Defendant has not shown a need or benefit to be entitled to mirror-image contemporaneous documentation every time Plaintiff applies for a job. Also see Plaintiff's response brief (ECF 45).

**B.** **Texts exchanged with Kevin Davis as requested in the below document request. (Defendant maintains this is UNRESOLVED; Plaintiff maintains this is PARTIALLY RESOLVED.)**

<u>**Movant (Defendant's) Position:**</u> Defendant maintains that it is entitled to all texts, including those on which counsel was copied. Defendant's position is set forth in more detail in its briefs. Defendant's request is as follows:

> **Document Request No. 17:** Any and all emails, text messages, DMs, instant messages or other correspondence exchange between Plaintiff and Kevin Davis regarding or related to their employment with EUSA or alleged employment with any other Defendant, the PIPs issued to them, their grievances or their termination, or otherwise regarding the allegations in Plaintiff's Complaint or any amended Complaint.

<u>**Respondent (Plaintiff's) position:**</u> Plaintiff has agreed to supply Defendant with unredacted texts between Lee and his former co-worker Kevin Davis. Defendant's demand for text messages that include undersigned counsel is clearly protected by the attorney-client privilege and is unsupported by law.

**C.** **Tax Returns (UNRESOLVED)**

<u>**Movant (Defendant's) Position:**</u> Defendant maintains that it is entitled to Plaintiff's complete tax records as requested in the below document request for the reasons set forth in its Motion, including the fact that Courts have found tax returns to be relevant in actions where a party's income is in issue, such as where a claim for lost wages has been asserted.

Defendant's request was as follows:

**Document Request No. 37:** Complete records of all federal, state and local income tax returns filed by or on behalf of Plaintiff, or any business entity in which Plaintiff or his spouse had/has a beneficial or ownership interest, including, without limitation, W-2s, 1040s and all schedules or attachments thereto for the years between 2017 and through the date of trial in this action.

**Respondent (Plaintiff's) Position:** Plaintiff recognizes he is obligated to produce evidence of income where he is seeking economic damages. However, he objects to producing joint tax returns as his spouse is not a party, and her income is not relevant to damages. Plaintiff has offered to have his accountant make a certification of Plaintiff's income since his termination. Also see Plaintiff's response brief.

## D.    Kevin Davis' performance (RESOLVED)

Plaintiff has confirmed that he has no documents related to the performance of Kevin Davis within his possession, custody or control. The request was as follows:

**Document Request No. 18:** Any and all documents which Plaintiff contends support or refute Plaintiff's allegation that Kevin Davis's performance was above sales goals, as alleged in paragraph 25 of Plaintiff's Amended Complaint.

## E.    Plaintiff's Deposition (PARTIALLY RESOLVED)

**Movant (Defendant's) Position:** Plaintiff's counsel agreed on December 4 that Plaintiff would produce himself for deposition before the parties' January 11, 2024 mediation, on either January 4 or 5. The parties likewise agreed on December 4 that if the present discovery dispute is not resolved by that time, Defendant would not use exhibits at Plaintiff's deposition that have not previously been produced, or

which are not produced to Plaintiff's counsel prior to the deposition. Although any depositions requested by Plaintiff are not the subject of any pending motion before this Court, Defendant also agreed that it would work to schedule the depositions of non-attorney defense witnesses prior to the mediation. To date, however, Plaintiff has refused to confirm that Plaintiff will appear for deposition on January 4 or 5 of 2024, or confirm his availability for any defense depositions, and has indicated as set forth below that he prefers to effectively extend discovery and the January 11 mediation date pending a ruling on these motions. No motion regarding any other depositions is before this Court and Defendant reserves its right to move for a protective order relative to the depositions of the three attorneys sought by Plaintiff's counsel.

**Respondent (Plaintiff's) Position:** Plaintiff prefers to have this discovery dispute resolved before any depositions take place. In addition to Plaintiff's deposition, Plaintiff wishes to have dates for depositions of certain Defendant witnesses (Wilcher, Clanton, Hurel, Lindekugel, Dixon, and Ware, the latter three dependent on the Court's ruling regarding the attorney-client privilege). Plaintiff agrees depositions should take place before mediation but would prefer to seek to have the mediation postponed for a modest period to ensure ample opportunity for

all depositions, or adjourning mediation and extending discovery for depositions only.

If the Court does not extend the deposition discovery period, or if the mediation is not postponed, the parties will work together in good faith to ensure that Plaintiff's deposition takes place before mediation, on the proposed dates of January 3, 4, or 5, and if possible some Defendant depositions as agreed.

### III. PLAINTIFF'S MOTION TO COMPEL

**A. Internal complaints of discrimination (PARTIALLY RESOLVED)**

**Plaintiff (Movant's) position:** As set forth in his brief (ECF 42), Plaintiff is entitled to "other acts" evidence in discovery to help prove his theory of discrimination. This includes internal complaints of discrimination. The interrogatory states:

> **Interrogatory 8.** State whether the Company has ever* (*see definition #19) received an internal complaint of employment discrimination or retaliation. If your answer is in the affirmative, please state:
> (a) The name, title, sex, sexual orientation, age, race, religion and national origin of each person who made such a complaint;
> (b) The date of each complaint;
> (c) A description of each complaint and the discrimination that was involved;
> (d) A description of the investigation and procedures utilized;
> (e) Identify who conducted the investigation, and whether they were employed by the Company or another entity;
> (f) The current employment status of the person who made the complaint.
>
> (There is also a corresponding request for production)

To help resolve the dispute, Plaintiff has agreed to limit his request for complaints back to 1/1/18 and only those elevated to Human Resources.

7

**Defendant (Respondent's) position:** EUSA will provide information regarding complaints of alleged discrimination based on race made by KAMs under Clanton or Wilcher, which were elevated to Human Resources in 2020 or 2021, but objects to providing information regarding complaints made based on any protected category, and otherwise objects to providing any documentation or information that is protected from disclosure by the attorney-client privilege or attorney work product doctrine.

### B.    Investigations into Plaintiff's complaint (UNRESOLVED)

**Plaintiff (Movant's) position:** As set forth in his brief (ECF 42), Plaintiff is entitled to information about his written complaint to Human Resources alleging that he was subjected to race discrimination. Defendant has objected to producing same. The interrogatory states:

> **Interrogatory 9.** Concerning the "formal letter of grievance" sent by Plaintiff to Eric Hurel, please state:
> (a)   when it was transmitted to Mr. Hurel;
> (b)   how it was transmitted;
> (c)   identify all actions taken by Mr. Hurel after receipt;
> (d)   identify all communications and documents relating in any way to Plaintiff's grievance;
> (e)   identify the procedures utilized to investigate Plaintiff's grievance;
> (f)   identify the outcome of Plaintiff's grievance;
> (g)   state the date and manner that the outcome was transmitted to the Company;
> (h)   identify whether the outcome was ever transmitted to Plaintiff, and if not, why not.
>
> (There is also a corresponding request for production.)

**Defendant Respondent's) Position:** Defendant maintains its position that information and documentation related to the investigation conducted by EUSA's outside counsel regarding Plaintiff's grievance, including communications and documents relating to Plaintiff's grievance and the procedures utilized to investigate the grievance is protected from disclosure by the attorney-client privilege and/or work product doctrine.

## C.    Similarly situated employees (NOT RESOLVED)

**Plaintiff (Movant's) Position:** Plaintiff seeks information to support his theory of discrimination regarding similarly situated employees, i.e. all other "Key Account Managers," to help prove he was treated less favorably, and to rebut Defendant's position that he was terminated for performance reasons. This information is critical – indeed, a required element of a discrimination case - as set forth in Plaintiff's brief (ECF 42). The interrogatory states:

> **Interrogatory 10:** For all of the Company's KAM's [Key Account Managers] employed by the company since January 1, 2013, including Plaintiff;
> (a) identify their name, race, color, gender, or national origin;
> (b) state their contact information, region or sales territory, and manager and director;
> (c) identify their duties, including product(s) sold;
> (d) set forth their detailed sales records, rankings, and/or results for each period or quarter in which sales are measured;
> (e) identify if any were placed on PIPs, and if so, the outcome of the PIP;
> (f) identify any who were involuntarily terminated, and if so, the reason for the termination and the identity of the person(s) involved in the decision to terminate.
>
> (There is also a corresponding request for production)

Plaintiff agrees with Defendant's note (below) that this issue was

inadvertently not raised in the parties' December 4 meet and confer, but the parties discussed it on December 8.

**Defendant (Respondent's) Position:** Defendant notes that this interrogatory was not raised as an outstanding issue during the parties' meet and confer on December 4. However, Defendant maintains for the reasons set forth more fully in its briefing that seeking such extensive information for a period of more than 10 years is not proportional to the needs of the case. Moreover, Defendant believes that it has fulfilled any obligation it has to provide information regarding comparables as it has provided information regarding all other KAMs under Clanton or Wilcher placed on a performance improvement plan at any time in 2020 or 2021, and has provided Plaintiff with a copy of the PIP, or a copy is otherwise accessible to Plaintiff's counsel.

## D. Designation of Documents as Attorneys' Possession Only (RESOLVED)

**Plaintiff (Movant's) Position:** Plaintiff, in his motion, has objected to Defendant's designation of various pages of its document production as confidential, certain redactions, and pages designated as "Attorneys Possession Only."

Because Plaintiff has only just provided the list of affected documents to Defendant's counsel, Plaintiff has agreed to withdraw this portion of his motion without prejudice in hopes the issue can be resolved, ***but only*** if this Court permits

Plaintiff to raise the issue at a later time beyond the current deadline for discovery motions.

**Defendant (Respondent's) Position:** Defendant maintains the propriety of its designations and redactions, but remains amenable to continuing to work with Plaintiff in an effort to resolve this issue and has no objection to Plaintiff raising the issue as to the specific documents identified with the Court at a later date, should the parties not be able to resolve any dispute as to the designation of any specific document.

Jointly submitted this 8th day of December, 2023:

*/s/ Nicholas Roumel*
_____
Attorney for Plaintiff

*/s/ Emily Petroski*
_____
Attorney for Defendant