UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE LEE,

      Plaintiffs,

v.

EUSA PHARMA US LLC and
RECORDATI RARE DISEASES, INC.,

      Defendants.
_____/

Case No. 2:22-cv-11145
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

**ORDER ADDRESSING (1) PLAINTIFF'S MOTION TO COMPEL DISCOVERY (ECF No. 42) & (2) DEFENDANT EUSA PHARMA US LLC'S MOTION TO COMPEL (ECF No. 43) and SETTING CERTAIN DATES**

**I.     Background**

On October 28, 2022, Plaintiff George Lee filed a first amended complaint against Defendants EUSA Pharma US LLC ("EUSA Pharma US") and Recordati Rare Diseases, Inc. ("RRD").  (ECF No. 17.)  Plaintiff alleges he was terminated due to his race and protected activity, and he sues Defendants for alleged violations of 42 U.S.C. § 1981 and the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws §§ 37.2201 *et seq*.  (*Id*., ¶¶ 42-50.)  Following the Court's May 2, 2023 order (ECF No. 32), USA Pharma US is the only remaining, active Defendant.

1

## II. Instant Motions

Judge Borman has referred this case to me for pretrial matters, excluding dispositive motions. (ECF No. 40.) Currently before the Court are Plaintiff's motion to compel discovery (ECF No. 42) and EUSA Pharma US LLC's motion to compel (ECF No. 43), as to which responses (ECF Nos. 45, 46, 47), a reply (ECF 48), and a joint statement (ECF No. 49) have been filed.

On December 13, 2023, I conducted an in person hearing, at which Attorneys Nicholas Roumel and Emily M. Petroski appeared. (ECF No. 44.)

## III. Order

### A. Plaintiff's Motion to Compel (ECF No. 42)

Upon consideration of the motion papers and oral argument, and for all the reasons stated on the record by the Court, <u>which are hereby incorporated by reference as though fully restated herein</u>, Plaintiff's motion to compel, as framed by the joint statement of resolved and unresolved issues (ECF No. 49, PageID.820-824), is **GRANTED IN PART, DENIED IN PART, DEEMED RESOLVED IN PART, and TAKEN UNDER ADVISEMENT IN PART**, as follows:

> 1. **Internal complaints of discrimination (Interrogatory No. 8, Request for Production (RFP) No. 10):**

Bearing in mind Fed. R. Civ. P. 26(b)(1)'s proportionality standard, and that the request at issue is discovery and not a motion in limine, Defendant **SHALL** supplement its answer to Interrogatory No. 8 and its

response RFP No. 10, limited to complaints of race discrimination from June 30, 2018 to June 30, 2023 that were elevated to Human Resources, company wide.  *See*, *e.g.*, *Bobo v. United Parcel Service, Inc.*, 665 F.3d 741, 753, 757 (6th Cir. 2012).  In the event Defendant withholds responsive documents on the bases of the attorney-client privilege and/or the work-product doctrine, then Defendant must product a privilege log and make clear what, if any, responsive material – *i.e.*, documents or electronically stored information (ESI) or tangible things – has been withheld, in compliance with Fed. R. Civ. P. 26(b)(5)(A) ("*Information Withheld.*") and Fed. R. Civ. P. 34(b)(2)(C) ("*Objections.*").

### 2. Investigations into Plaintiff's complaint (Interrogatory No. 9, RFP No. 11):

Defendant's response to Interrogatory No. 9 is unacceptable.  (*See* ECF No. 42-2, PageID.534-535.)  Taking into consideration Affirmative Defense No. 8 (ECF No. 22, PageID.285), several of Plaintiff's attachments to his motion (ECF Nos. 42-4, 42-5, 42-6, 42-7), and Plaintiff's submission of a May 23, 2022 letter from Attorneys Patrice C. Dixon and Bert H. Ware to Plaintiff's counsel (ECF No. 50), the Court **TAKES UNDER ADVISEMENT** its ruling as to RFP No. 11, namely whether Defendant must produce copies of any interviews or recordings thereof.  No later than **Wednesday, December 20, 2023**, Defendant **SHALL email Judge Patti's**

3

**Case Manager** to provide the Court with copies of the letter of engagement between EUSA Pharma and Jackson Lewis PC, as well as the resulting report, for *in camera* review, after which the Court will issue its ruling on RFP No. 11.  Meanwhile, Defendant **SHALL** answer Interrogatory No. 9, separately answering Subparts 9(a)-9(h), under oath and must identify each of the approximately twelve (12) interviewees, so that, in the event the Court concludes related materials need not be produced in response to RFP No. 11, Plaintiff at least will know who was interviewed.  And, <u>although not mentioned from the bench, Plaintiff is given leave under Fed. R. Civ. P. 30(a)(2)(A)(i) to depose all such interviewees, even if the total number of witnesses deposed exceeds ten in number, so long as the total number of depositions taken by Plaintiff does not exceed fifteen</u>.  Further, regardless of what the Court concludes as to RFP No. 11, Defendant **SHALL** produce any statements that were made by a witness under oath (or by way of declaration under penalty of perjury), whether written or recorded.

      3.      **Similarly situated employees (Interrogatory No. 10, RFP No. 12):**

It was not appropriate for Defendant to have unilaterally imposed a limitation to "Key Account Managers employed by EUSA from May of 2019 to May of 2022 who were placed on PIPs other than Plaintiff and

Davis" in its answer and response (ECF No. 42, PageID.518; ECF No. 42-2, PageID.536; ECF No. 42-3, PageID.547-548.) Defendant **SHALL** answer Interrogatory No. 10, as to Key Account Managers (KAMs) company wide, including Subparts (a)-(f), under oath, limited to the June 30, 2018 – June 30, 2023 timeframe, and further limiting Subpart (a) to race and color and Subpart (d) to comparative rankings and summaries of the same. Since Interrogatory No. 10 will be answered under oath, Defendant need only respond to RTP 12, Subsection (d), subject to the same limitations given for Interrogatory No. 10. Plaintiff **SHALL** have leave to follow up in the event there is documentation he wants in support of Defendant's response to RFP 12(d).

    **4.** **Designation of documents as Attorneys' Possession Only: RESOLVED** (*i.e.*, withdrawn without prejudice).

  **B.** **Defendant's Motion to Compel** (ECF No. 43)

Defendant's motion to compel, as framed by the joint statement of resolved and unresolved issues (ECF No. 49, PageID.815-820), is **GRANTED IN PART, DENIED IN PART, and DEEMED RESOLVED IN PART,** as follows:

    **1.** **Plaintiff's Job Search (Interrogatory No. 3 and Document Request No. (DRN) 36):**

The information sought is relevant. Plaintiff **SHALL** produce any documents responsive to DRN 36 regarding applications he made and responses he received for all the applications listed in the October 23, 2023 discovery supplement (ECF Nos. 43-5, 45-1), although he need not produce phone logs.

### 2. Communications between Plaintiff and Kevin Davis (DRN 17):

As to certain texts exchanged with Kevin Davis in a joint text-string with their common counsel, the Court reviewed them on Plaintiff's counsel's phone *in camera* and concluded the messages impinge on attorney client privilege and work product, because they evidence what counsel was thinking and contain communications between counsel and clients concerning litigation strategy. Accordingly, Plaintiff is not required to produce those text messages, although he should submit a privilege log consistent with Fed. R. Civ. P. 26(b)(5)(A) ("*Information Withheld.*") and Fed. R. Civ. P. 34(b)(2)(C) ("*Objections.*") if the messages would otherwise be responsive to DRN 17. Nonetheless, Plaintiff **SHALL** produce documents, including texts, responsive to DRN 17 where Plaintiff's counsel is not copied.

   **3.**  **Plaintiff's Tax Returns (DRN 37):**

  Plaintiff's wages are relevant to his claim for lost wages (*see* ECF No. 17, PageID.109 ¶ 51(a)), and his tax returns are discoverable, as an attestation of complete income. Although Defendant argued Plaintiff's wife's wage information may be relevant to Plaintiff's alleged damages for emotional distress, there is no record that Plaintiff's emotional distress damages are in any way attached to his wife's income. Accordingly, Plaintiff SHALL produce tax returns and the other requested tax records responsive to DRN 37, limited to 2018 forward, but may redact his wife's Social Security Number (SSN) and other personally identifying information, as well as information which would reveal her income, so long as it is still possible to determine the amount of income declared by Plaintiff himself. Production of tax returns responsive to DRN 37 may be designated as confidential, consistent with the May 17, 2023 stipulated protective order (ECF No. 33).

   **4.**  **Kevin Davis's Job Performance (DRN 18):**
       **RESOLVED**.

   **5.**  **Plaintiff's Deposition:**

  While it is tentatively set for January 4, 2024, the parties may mutually agree on a new date for Plaintiff's deposition.

C.  **Additional rulings**

The parties must comply with this order no later than **January 12, 2024**. The Court will not award reasonable expenses in connection with either motion to compel (ECF Nos. 42, 43), because neither party prevailed *in toto*. Fed. R. Civ. P. 37(a)(5)(C).

Finally, the Court entertained the parties' requests regarding certain case management dates set forth in the scheduling orders (ECF Nos. 35, 38) and/or the order referring the case to facilitative mediation (ECF No. 41). Based on Plaintiff's claim that he received his right to sue letter two weeks ago, Plaintiff **SHALL** have up to and including **December 27, 2023** by which to file a motion for leave to file a third amended complaint; the deadline for completion of fact discovery is extended to **March 12, 2024**; facilitative mediation **SHALL** be completed by **April 16, 2024**; and, the dispositive motion deadline is extended to **May 16, 2024**.

**IT IS SO ORDERED.**[1]

Dated:  December 15, 2023

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).